UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOE A. BROWDER, JR.,     Plaintiff,

v.     Civil Action No. 3:17-cv-252-DJH

CONDUENT PAYMENT INTEGRITY
SOLUTIONS *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Joe A. Browder, Jr., filed a *pro se* complaint (Docket Number (DN) 1) on April 21, 2017. Subsequently, the Court was advised that Plaintiff called the Clerk's Office on April 26, 2017, and reported that he would be filing paperwork to withdraw this matter because he had been told that the lien in question was going to be removed and that he would be receiving his money. Because Plaintiff thereafter did not file a motion to withdraw, the Court entered an Order (DN 6) on June 7, 2017, directing Plaintiff to notify the Court in writing whether he wants to voluntarily dismiss the instant action or continue with it. The Court warned Plaintiff that his failure to comply with the Order within 21 days from its entry would result in dismissal of the action. The compliance time has passed without any action by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se*

litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Plaintiff having failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.  Consequently, this action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
       Defendants
4415.005